MICAH L. RUBBO (CSBN 267465)
U.S. Department of Justice
Antitrust Division
450 Golden Gate Avenue
San Francisco, CA 94102
micah.rubbo@usdoj.gov
Telephone: (415) 934-5300

Attorney for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DANLI LIU,<br><br>Defendant. | Case No. CR 4:12-00611 PJH<br><br>**UNITED STATES' SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD DEPARTURE PURSUANT TO U.S.S.G. §5K1.1**<br><br>Date: December 15, 2017<br>Time: 9:00 a.m.<br>Court: Hon. Chief Judge Phyllis J. Hamilton |

        The United States respectfully requests that this Court sentence defendant Danli Liu to

(1) serve five months of custody, based on the government's motion for a substantial-

assistance downward departure of 60 percent from the low end of the applicable Guidelines

range; (2) serve three years of supervised release; and (3) pay a criminal fine of $5,000, a $100

special assessment, and $21,889 in restitution.  This sentence is consistent with the parties'

Fed. R. Crim. P. 11(c)(1)(A) and (B) plea agreement.

/ /

/ /

/ /

US' SENT'G MEMO.                                          1
No. CR 12-00611 PJH

**BACKGROUND**

Defendant Danli Liu is a real estate investor who participated in the bid-rigging conspiracy in Alameda County foreclosure auctions between April 2009 and March 2010. Presentence Report (PSR) ¶ 16. Defendant personally attended the foreclosure sales and bid on properties on behalf of investors. *United States v. Florida, et al.*, Case No. CR 14-582 PJH (N.D. Cal.), Trial Tr. vol. 2, 937-38. In total, defendant personally participated in 17 rigged auctions during the charge period, five of which she purchased on behalf of her clients. She was owed bid-rigging payoffs in the amount of $ $21,889. *See* PSR ¶ 70; Plea Agreement ¶ 11.

Defendant was first interviewed by the FBI in January 2011. PSR ¶ 13. She falsely denied participating in the rounds. Defendant originally pleaded guilty to one count of mail fraud and one count of bid rigging in September 2012. In October 2016, that plea was withdrawn by stipulation, defendant entered a guilty plea to the bid-rigging count only pursuant to a revised plea agreement, and the mail fraud count was dismissed. Minute Entry, Doc. No. 29.

**ARGUMENT**

**A.      Sentencing Guidelines Calculations**

**1.      Criminal History**

In Paragraph 12 of the Plea Agreement, the parties agree that defendant's Criminal History Category is determined by the Court. The PSR calculates defendant's Criminal History Category as I, since she has no prior criminal history. PSR ¶ 35. The United States agrees.

**2.      Offense Level**

The PSR calculates the total offense level as 13, consistent with the plea agreement. PSR ¶ 30. This calculation includes a one-level increase to the base offense level of 12 for conduct involving the submission of non-competitive bids, a two-level increase for a volume of commerce exceeding $1 million, and a downward reduction of two levels for acceptance of responsibility. U.S. Sentencing Guidelines Manual ("U.S.S.G.") §§2R1.1(b)(1) & (b)(2)(A), 3E1.1(a) (U.S. Sentencing Comm'n 2010).

Under the Guidelines, an offense level of 13 and Criminal History Category of I results in a sentence ranging from 12 to 18 months of imprisonment.

### 3.   Fine and Restitution

The PSR calculates a fine range of $20,000 to $72,278, which is consistent with the plea agreement.  PSR ¶ 68; U.S.S.G. §2R1.1(c)(1) (fine range shall be from one to five percent of the volume of commerce).  The government agreed however to recommend a fine between $5,000 and $50,000, which was the fine range in the original plea agreement.  PSR ¶ 58.  The government recommends a $5,000 fine.

### B.   Basis for Downward Departure for Substantial Assistance

Pursuant to Section 5K1.1 of the Guidelines, the government moves for a downward departure based on defendant's substantial assistance to the investigation.  The government recommends a 60 percent reduction, resulting in a sentence of approximately five months.  This is the government's highest recommendation for substantial assistance, reflecting the extraordinary cooperation provided by defendant in the investigation and prosecution of these cases over several years.

The first consideration is the timing of defendant's decision to plead guilty and cooperate. Defendant was among the first to agree to plead guilty and cooperate in the investigation, entering her first plea agreement in September of 2012.  Her plea therefore likely impacted the decision of dozens of others to also plead guilty and accept responsibility.

The government's recommendation is also based on the extent and value of the information provided by defendant during the investigation.  Defendant sat for at least five interviews with the government.  During those interviews, defendant provided corroborating information regarding the operation of the conspiracy, provided and authenticated round sheets and payoff records, and provided an account of various subjects' conduct in furtherance of the conspiracy.

Finally, the downward departure recommendation reflects the extensive trial testimony provided by defendant in the prosecution of the *Florida*, *Florida II*, and *Marr* trials.  As the Court is aware, defendant's trial testimony was instrumental to the government's case in all three trials.  In all three trials her testimony was credible, accurate, and reliable.

/ /

US' SENT'G MEMO.                                             3
No. CR 12-00611 PJH

1   For these reasons, a 60 percent downward departure for substantial assistance to the

2   investigation and prosecution of these cases is appropriate.

3   **C.       Sentencing Recommendation**

4   The government's recommendation of five months is reasonable and not greater than

5   necessary in light of the factors articulated in 18 U.S.C. § 3553.  The most compelling factors

6   weighing in favor of the recommendation are the need for the sentence to reflect the seriousness

7   of the offense, promote respect for the law, and afford adequate deterrence to future bid-rigging

8   offenses and white-collar crime generally, as the government has argued in the related cases.

9   However, an assessment of the history and characteristics of defendant should take into

10  account certain mitigating factors previously identified by the Court for similarly situated

11  individuals.  These factors include defendant's early decision to accept responsibility and

12  cooperate in the investigation, her participation in only one county, her willingness to pay

13  restitution, and her status as a first-time offender.  While the government is recommending

14  custody here, as it has in all the related cases, these factors have led the Court to impose

15  probationary sentences for other defendants.  These factors apply with equal if not greater force

16  to defendant Liu.

17                                                 **CONCLUSION**

18  For the foregoing reasons, the United States respectfully requests that this Court

19  sentence defendant Danli Liu to (1) serve five months of custody; (2) serve three years of

20  supervised release; and (3) pay a fine of $5,000, a $100 special assessment, and restitution in

21  the amount of $21,889.

22  Dated: December 8, 2017                              Respectfully submitted,

23
                                                        _____/s/_____
24                                                      MICAH L. RUBBO
                                                        United States Department of Justice
25                                                      Antitrust Division

26

27

28

US' SENT'G MEMO.                                 4
No. CR 12-00611 PJH